UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

United States District Court
District of Connecticut
FILED AT BRIDGEPORT
July 8, 2015
Roberta D. Tabora, Clerk
By: _____
Deputy Clerk

JAMES D. COHEN

V

EDWARD ROSENTHAL
individually and as the sole member of
ROSENTHAL LAW FIRM, LLC

CIVIL ACTION # 3:15cv1043(RNC)

JUNE 29, 2015

## COMPLAINT

I, pro se PLAINTIFF, assert that DEFENDANT breached a contract with me and then made malicious and unlawful attempts to wrongfully obtain money from me as described herein.

## PARTIES

1. PLAINTIFF, Pro Se: James D. Cohen, 3111 Warrens Way, Wanaque, NJ 07465.

2. DEFENDANT: Edward Rosenthal, sole member of Rosenthal Law Firm, LLC, 18 North Main Street, West Hartford, CT 06107, Juris number 408225.

## BACKGOUND

After obtaining a judgment following litigation in Connecticut Superior Court spanning from 2004 to 2011, I retained defendant to recover as many assets as possible from the judgment debtors to satisfy the judgment. When one of the judgment debtors petitioned for bankruptcy in

U.S. Bankruptcy Court and became a debtor in possession, defendant ceased all efforts to collect from debtors.

I represented my own creditor interests without the assistance of counsel during the debtor's bankruptcy proceedings and, in support of my motion to have the bankruptcy petition dismissed, I made numerous pleadings and arguments in front of the bankruptcy judge. At the beginning of one such hearing, the debtor in possession offered to negotiate a settlement in exchange to voluntarily dismiss their petition. Shortly afterwards in November 2012, the debtor and I drafted an agreement ("Settlement Agreement") specifying that debtor would make monthly payments to me totaling $500,000 and would give me security interests and personal guarantees for the full amount of the settlement. Defendant refused to represent me during bankruptcy, was not present during any of the bankruptcy proceedings, and was not privy to any of the discussions relative to the Settlement Agreement.

After the settlement had been consummated in the bankruptcy court, defendant, claiming he was due a fee as a result of his alleged contributions to the Settlement Agreement that I made in bankruptcy, requested in March 2014, "mediation followed by arbitration" with the Connecticut Bar Association. I was told by the Fee Resolution Board at the beginning of the mediation hearing held on December 19, 2014, that the hearing was being changed to arbitration and I was led to believe that I did not have any option but to stay and participate (my appearance was via computer "Skype"). I was not provided with rules for the arbitration and naively preceded with arbitration. I was largely ignored during the hearing and despite a lack of competent evidence presented by defendant, the arbitrators sided with defendant and granted him fees totaling $109,683. I promptly contested the award with the Connecticut Superior Court.

With the arbitration award decided in his favor, defendant commenced a suit in Superior Court to have the award confirmed. The Honorable Jane Scholl granted the judgment without a trial. I now have an appeal pending. Additionally, defendant made unsuccessful attempts to gain an even greater unearned windfall as he filed motions seeking interest and attorney fees. The Court denied these motions.

## JURISDICTION

1. Subject matter jurisdiction per 28 USC § 1332a, is proper as there is diversity of citizenship (I am from New Jersey and defendant is from Connecticut), and that the amount in controversy exceeds $75,000.

## UNDISPUTABLE FACTS

1. I, plaintiff James D. Cohen am a resident of the State of New Jersey residing at 3111 Warrens Way, Wanaque, NJ 07465.
2. Upon information and belief, defendant Edward Rosenthal is a resident of the state of Connecticut and is the sole practitioner and sole member of the Rosenthal Law Firm, LLC ("RLF") located at 18 North Main Street, West Hartford, CT 06107.
3. A judgment in my favor was entered in Connecticut Superior Court, Complex Litigation, James D. Cohen and Roll-A-Cover of New Jersey, LLC v Roll-A-Cover, LLC ("RAC") and Michael P. Morris ("Morris"), Docket No. CV X0604 4015047 S for $575,000 in June 2010.

4. In addition to the above $575,000 judgment, in February 2012 the Court awarded prejudgment interest and costs of $406,281, and post judgment interest of $77,332 through February 2012, with interest accruing at 7.5% on the unpaid judgment balance.

5. I retained defendant and signed an Agreement for Legal Services – December 1, 2011 ("Agreement for Legal Services"), authorizing defendant to collect the judgment against RAC and Morris.

6. With the likelihood of others, other than defendant, initiating and collecting money for me from RAC and Morris, defendant clearly defined the subject of his fees as any amount he personally collected and deposited into his trust account.

7. Defendant collected $67,605 from seizing a RAC bank account in March 2012. The State Marshal retained $10,141 for his fee and defendant deposited $57,464 into his trust account. Defendant retained $17,641 for his fee based on the $57,464 he received and deposited into his trust account, and disbursed the net of $39,823 to me.

8. Judgment debtor RAC filed a petition for Chapter 11 Bankruptcy in U.S. Bankruptcy Court, case number 12-30970 LMW in April 2012 and became a Debtor in Possession. Collections from RAC were stayed.

9. Judgment debtor Morris remained liable for the judgment debt and upon information and belief, had sufficient assets to satisfy the judgment.

10. Defendant recommended, since he was unable and unwilling to represent me in the bankruptcy action, that I seek other counsel going as far as referring me to another attorney.

11. Defendant ended all collection efforts towards RAC and Morris in May 2012.

12. Debtor in Possession RAC and I negotiated and signed a preliminary draft of a settlement agreement on November 15, 2012 at the bankruptcy court. Defendant was not present during this meeting and did not advise me as to the terms of the Settlement Agreement.

13. Defendant filed a petition for resolution of fee dispute in March 2014 requesting mediation followed by arbitration claiming he was due a fee for the total amount of the Settlement Agreement.

14. Defendant did not spend any time on the Settlement Agreement and never presented an invoice for his alleged services relative to the Settlement Agreement.

15. At the beginning of the mediation hearing, the fee resolution board changed the format from mediation to arbitration without providing me with sufficient notice or without providing me with any rules for resolution dispute.

16. Defendant is a member of the Connecticut Bar Association, Juris number 408225.

17. The members of the Legal Fee Resolution Board of the Connecticut Bar Association, Eugene A. Cooney, Esq., Chairman, Joshua Hawks-Ladds, Esq., and Lindsley Wellman, (file number 14-12) found in defendant's favor on December 24, 2014 after the December 19, 2014 hearing, and awarded him a fee of $109,683 for defendant's alleged contributions and work on the Settlement Agreement.

18. Defendant applied to confirm the arbitration award which was granted by Judge Scholl without trial on March 17, 2015, Civil Court Document # HHD-CV-15-6056977-S.

19. I appealed the fee award and the subsequent confirmation judgment with the Connecticut Appellate Court, case # 37830. This appeal is pending.

20. Defendant applied for a prejudgment remedy in the amount of $130,000 on April 6, 2015, and further, requested that the proceeds of the Settlement Agreement be seized and deposited directly into an account under his control. This application is pending.
21. When defendant terminated his collection efforts in May 2012, the uncollected judgment balance at that time, inclusive of accrued interest, was $1,020,165.

## COUNT ONE – BREACH OF CONTRACT

1. Defendant breached the Agreement for Legal Services.
2. Defendant negligently discontinued his contractual obligation to collect the assets of judgment debtor Morris.
3. Defendant ceased all collection efforts when RAC petitioned for bankruptcy.
4. Defendant instructed me to represent myself or retain alternate counsel to continue all collection efforts following RAC's petition for bankruptcy.
5. Defendant failed in his diligence to exercise all legal opportunities and options for which he should have used to pursue judgment debtors' assets.
6. As a result of defendant's breach of the Agreement for Legal Services, I have suffered monetary damages.

## COUNT TWO – BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

1. By entering into the Agreement for Legal Services, defendant impliedly promised that he would act in good faith and would deal fairly with me.

2. Defendant breached the covenant of good faith and fair dealing implied in the Agreement for Legal Services.
3. As a result of defendant's breach of the covenant of good faith and fair dealing, I have suffered monetary damages.

### COUNT THREE – MISREPRESENTATION

1. Defendant, having full knowledge of the complexities of the RAC and Morris suit, and the defiant behavior of its judgment debtors, intentionally misrepresented his experience to become engaged in collections beyond his capabilities.
2. Defendant, having full knowledge of the complexities of the RAC and Morris suit, and the defiant behavior of its judgment debtors, negligently misrepresented his experience to become engaged in collections beyond his capabilities.
3. As a result of defendant's intentional and negligent misrepresentation, I have suffered monetary damages.

### COUNT FOUR – UNJUST ENRICHMENT

1. Defendant made false claims to obtain money for services that he did not perform.
2. Defendant exploited the naiveté of his pro se former client to take advantage of procedural intricacies and obtain a judgment not based on merit.
3. By his willful actions and untrue statements made to The Legal Fee Resolution Board of the Connecticut Bar Association, defendant obtained an unearned award for his alleged and fraudulently claimed legal services.

4. The confirmation judgment defendant petitioned for and received excluded a fair trial and the opportunity for me to present evidence disproving defendant's claims.

5. Defendant attempted to increase his unjust enrichment by claiming additional fees and costs to be added to the unearned award.

6. Defendant attempted to seize my cash in an amount greater than the judgment amount through a prejudgment remedy, and have the cash deposited directly into his own account.

7. Defendant's malicious actions were threatening and harassing.

8. As a result of defendant's malevolent and unscrupulous activities, I am suffering physically and emotionally.

WHEREFORE, I respectfully seek a judgment in my favor against defendant as follows:

1. With respect to COUNT ONE – BREACH OF CONTRACT; a judgment of the uncollected civil suit judgment balance at the time defendant terminated his collection efforts of $1,020,165, plus reasonable litigation costs and prejudgment interest.

2. With respect to COUNT TWO – BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING; a judgment of monetary damages in an amount to be determined by the Court, plus punitive damages and prejudgment interest.

3. With respect to COUNT THREE – MISREPRESENTATION; a judgment of monetary damages in an amount to be determined by the Court, plus punitive damages and prejudgment interest.

4. With respect to COUNT FOUR – UNJUST ENRICHMENT; monetary damages of $130,000 (the amount of prejudgment remedy requested by defendant), plus punitive damages, reasonable litigation costs, and prejudgment interest.

5. All costs of this suit.

6. Disbarment.

7. Such other and further relief as the Court deems just and proper.

James D. Cohen
Pro Se Plaintiff
3111 Warrens Way
Wanaque, NJ 07465
JamesDCohen@aol.com
(201) 403-4461