UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JAMES D. COHEN                                            CIVIL ACTION # 3:15-cv-01043-CSH

V

EDWARD ROSENTHAL
individually and as the sole member of
ROSENTHAL LAW FIRM, LLC                        NOVEMBER 23, 2015


THIRD NOTICE OF DEFAULT AND
MOTION FOR JUDGMENT BY DEFAULT


This THIRD NOTICE OF DEFAULT is incorporated herein as part of this MOTION FOR JUDGMENT BY DEFAULT.

When defendant failed to respond to the *Notice of Lawsuit and Request for Waiver of Service of Summons*, and the *Waiver of Service of Summons* with his answer due August 15, 2015, he was served a *Summons in a Civil Case* by Marshal Arsenault per Federal Rules of Civil Procedure (FRCP), Rule 4(c)(3) on August 26, 2015 with a return date of September 16, 2015. When defendant failed to respond to the Summons by September 16, 2015, I filed the FIRST Notice of Default. Then 2 days after the September 16, 2015 default date, defendant requested an extension of time to answer the complaint to October 18, 2015, which was granted. After failing to respond to the extended date, I filed the SECOND Notice of Default.

Then, 2 days beyond the extended default date, defendant again requested to extend his answer to November 21, 2015 which extension was not granted by the Court. Now, 100 days after the original due date of August 15, 2015, defendant still has not answered the complaint. Accordingly, this is the THIRD notice of default.

The rules of the FRCP are clear.  Rule 12 (a)(1)(A) "A defendant must serve an answer within 21 days of being served a summons…"  As defendant was served a summons and failed to answer within 21 days, he was in default back in September.   Then defendant was granted an extension but did not comply, and again did not serve an answer within the extended answer date.  Per Rule 55 (a), "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit *or otherwise*, the clerk *must* enter the party's default."  I first made the Court aware of defendant's default with my FIRST Notice of Default.  I again made the Court aware of defendant's default (SECOND Notice) when he failed to respond to the extended answer date.  So under Rule 55 (a), "…the clerk *must* enter the party's default,"   and under Rule 55 (b)(1), having properly shown the Court of defendant's default,  "…the clerk…must enter judgment…"

Additionally, defendant did not respond to my request for a conference per the Court's ORDER ON PRETRIAL DEADLINES, "In accordance with Local Civil Rule 26, within thirty days of the appearance of a defendant, the parties must confer for the purposes described in Fed. R.Civ. P. 26(f)."  As defendant's appearance was filed on September 18, 2015, the conference was to have taken place no later than Monday, October 19, 2015.  I initiated this conference on October 16, 2015 but defendant has never responded.

The defendant, a Connecticut attorney, should not be exempt from the Federal Rules of Civil Procedure, the Local Rules of Civil Procedure for the District of Connecticut, and all Standing Orders regarding scheduling, and he must be held accountable for his disregard for these Rules and Orders.  Per the last paragraph of the SUMMONS served on defendant by Marshal Arsenault, if defendant "…fail(s) to respond, judgment by default *will* be entered…for the relief demanded in the complaint ($1,150,165)."

Therefore, I respectfully request the Court enter defendant's default, and having properly shown the Court of defendant's default, I respectfully request the Court to enter a JUDGMENT BY DEFAULT.

*/s/ James D. Cohen*

James D. Cohen
Pro Se Plaintiff
3111 Warrens Way
Wanaque, NJ 07465
JamesDCohen@aol.com
(201) 403-4461

Defendant has been electronically served via CM/ECF