UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JAMES D. COHEN | : | CIVIL ACTION NO: |
| | : | 3:15-CV-01043(CSH) |
| | : | |
| V. | : | |
| | : | |
| EDWARD ROSENTHAL | : | NOVEMBER 23, 2015 |

### DECLARATION OF EDWARD ROSENTHAL
### IN SUPPORT OF MOTION TO DISMISS

I, Edward Rosenthal, declare as follows pursuant to 28 U.S.C. §1746:

1.        I am attorney admitted in the State of Connecticut as well as the United States

District Court for the District of Connecticut.

2.        Commencing on December 1, 2011, I represented the plaintiff herein in *Cohen v.*

*Roll-A-Cover, et al*, in Superior Court, Complex Litigation Docket at Waterbury, X06-UWY-

CV04-4015047-S. Later, I represented my firm in an arbitration proceeding at the Connecticut

Bar Association against James Cohen and in Hartford Superior Court in a matter entitled

*Rosenthal Law Firm, LLC v. James Cohen*, HHD-CV15-6056977-S.

3.        Attached hereto as exhibits are the following documents which relate to the

*Motion to Dismiss* filed by the defendant in this matter:

(a) **Settlement Agreement** signed November 15, 2012, *In re Roll-A-Cover, LLC*,

United States Bankruptcy Court-District of Connecticut (New Haven), Docket

Number #12-30970- pleading #84.

(b) **Petition for Resolution of Fee Dispute** dated March 3, 2014, Connecticut Bar

Association, File #14-12.

   (c) **Respondent's Agreement** signed July 23, 2014, Connecticut Bar Association, File #14-12.

   (d) **Findings and Award of Arbitrators** dated December 24, 2014, Connecticut Bar Association, File #14-12.

   (e) **Application to Confirm Arbitration Award** dated January 25, 2015, Hartford Superior Court, Docket No: HHD-CV15-6056977-S.

   (f) **Appeal of Findings and Award of Arbitrators and Objection to Application to Confirm Award** filed February 2, 2015, Hartford Superior Court, Docket No: HHD-CV15-6056977-S.

   (g) **Retainer Agreement** between plaintiff and defendant herein, dated December 1, 2011.

   (h) **Order** dated March 17, 2015, *Rosenthal Law Firm, LLC vs. Cohen*, Hartford Superior Court, Docket No: HHD-CV15-6056977-S, Judge Jane Scholl.

4.  I declare under penalty of perjury that the foregoing is true and correct.

Dated: West Hartford, Connecticut
      November 23, 2015

                            Respectfully submitted,

                By: _____
                        Edward Rosenthal

# EXHIBIT A

**Settlement Agreement- November 15, 2012**

**In Re Roll-A-Cover, LLC**

**United States Bankruptcy Court**

**Docket No: 12-30970, pleading #84**

settlement:

PROLOGUE    12-30970

The parties to this settlement are Roll-A-Cover, LLC, debtor-in-possession (Debtor), and Michael Morris, (Morris) and James D. Cohen (Cohen) Roll-A-Cover of New Jersey, LLC (RACNJ).

The Litigations:

1. Debtor filed the instant Chapter 11 proceeding, in which Cohen and RACNJ claim priority over certain Proofs of Claims that have security interests that predate Cohen and RACNJ's security interests in Debtor's property an in which Cohen has made a motion to dismiss the proceeding;

2. Debtor brought an Adversary Proceeding in this Honorable Court against Cohen, Adversary Proceeding 12-03049-LMW seeking recovery of a preferential payment (the "Adversary Proceeding");

3. Debtor brought a suit in Federal Court against Cohen, RACNJ and others entitled Roll-A-Cover, LLC v James D. Cohen et al., United States District Court of Connecticut, 3:09-cv-01378-CSH, which suit is still pending(the RAC RICO Litigation");

4. Cohen and RACNJ brought suit in state court Debtor and Morris in an action entitled James D. Cohen et al v Roll-A-Cover, LLC et al., Superior Court , Complex litigation Docket, Waterbury, X06-UWY-CV04-4015047-S, which case resulted in a joint judgment against Debtor and Morris (the Cohen BOIA Litigation), which judgment was filed in the Connecticut Secretary of the State's office and domesticated in Florida;

5. Prior to the trial in the Cohen Connecticut Litigation, Cohen and RACNJ brought suit in state court against Morris, Dena Napoli Morris and 36 Sargent Drive, LLC claiming a fraudulent transfer entitled, James D. Cohen et al. v. Michael Morris et al., Superior Court , Complex litigation Docket, Waterbury, X06-UWY-CV07-5007294-S ( the "Cohen UFTA Litigation"), which case was withdrawn by Cohen and RACNJ at the commencement of the trial of the Cohen BOIA Litigation; and

6. Cohen brought suit in Federal Court against Debtor and Morris and Dena Napoli Morris, entitled Cohen v. Morris et al., United States District Court, District of New Jersey, 2:12-cv-004312-CCC-JAD (the "Cohen Federal Litigation"), seeking to foreclose on property in Florida, which case Cohen had voluntarily dismissed after Defendants filed a motion to dismiss for lack of subject matter jurisdiction;

7. Cohen has threatened a lawsuit in Florida against Morris and Dena Napoli Morris seeking to overturn their homestead exemptions (the Cohen Florida Litigation").



### Settlement Rationale

The Debtor and Morris and the Cohen and RACNJ wish to resolve the various litigations and threatened litigation among them without further time, expense and attorneys' fees and to resolve the issues among them in a manner that will permit a fixed schedule of payments to be made by Debtor to Cohen/RACNJ while permitting Debtor to maintain its business so as to make money with which to make the payments hereunder. Towards that end the parties seek to end the litigations between them and to exchange mutual release from all parties to the Litigations (including those parties who are not a party to this Agreement) and to agree to the substitution of new obligations for the old obligations with new security interests being given to secure such rights.

A significant purpose of the settlement is to cause the withdrawal of the bankruptcy petition as it affects Cohen, RACNJ and the other creditors of Debtor in this bankruptcy proceeding as well as the ability of Debtor to continue operations, particularly since the expansion of creditors in the proceeding now includes all former purchasers of the Debtor's products for whom the warranty period has not expired. Under this settlement, all creditors will have a significantly improved position if the petition is withdrawn and the amount to be paid and the schedule of payments to James D Cohen and RACNJ are established and fixed.

### Proposed Settlement

One. Debtor shall withdraw its Adversary Proceeding with prejudice and without costs.

Two. Debtor will withdraw the RAC RICO Lawsuit with prejudice and without costs.

Three. Debtor, Morris, Dena Napoli Morris and 36 Sargent Drive, LLC shall execute and deliver general releases to Cohen and RACNJ and all other parties to the RAC RICO Litigation on all litigations.

Four. James D. Cohen and RACNJ shall execute and deliver general releases to Debtor (excepting only the new obligations hereunder), to Morris and to Dena Napoli Morris and to 36 Sargent Drive, LLC and shall secure and deliver general releases from all other parties sued by Debtor in the RAC RICO Litigation.

Five. Cohen and RACNJ will release the judgment filing in the Connecticut Secretary of the State's office and the domesticated judgment filing in Florida in favor of the financing statement to be filed in Connecticut (the state in which Roll-A-Cover, LLC is organized).

Five. Debtor agrees the amount to be paid to Cohen/ RACNJ is a total of $500,000 without interest to be payable over 54 months in equal payments of $9260.00 for 53




months and a final payment of $9220.00 in the 54th month starting on December 1, 2012. Payments are due on the 1st of each month with a 20 day grace period. Failure to make a payment by the 20th of any month shall constitute a default and will result in immediate acceleration of the entire unpaid amounts, which will bear interest at 7.5% per annum. Cost of collection and reasonable attorney's fees are collectible. There will be no prepayment penalty.

The obligation will be evidenced by a promissory note including the above terms and a waiver of jury and a waiver of prejudgment remedy (thereby permitting the attorney for the holder of the note to issue a prejudgment remedy of attachment, replevin and/ or garnishment without a court order, subject the other procedures set forth in Connecticut General Statute 52–278 et seq. for a post issuance notice of the availability of a hearing and right to post a bond.

The promissory note will provide that Cohen / RACNJ establish a separate account in Bank of America, Wells Fargo or JP Morgan Chase Banks having a branch all located within a reasonable distance of the home office of Roll-A-Cover, LLC into which the payments on the note will be deposited. The note will also require Roll-A-Cover, LLC to establish an account solely for such payments separate from the Roll-A-Cover, LLC other accounts from which the payments to Cohen / RACNJ will be drawn so as to assure that the payments are being made with good funds. The Roll-A-Cover, LLC separate account can be, but will not be required to be, at the same bank as the Cohen / RACNJ payments will be deposited.

The collateral for the obligation will be a second security interest in all the assets of Roll-A-Cover, LLC, subordinate only to the existing Line of Credit security interest given to Leed-Himmel in the amount of $100,000. The security agreement (which can, but need not be, separate from the promissory note) will require that Roll-A-Cover, LLC to secure and deliver subordination of the security interests of Dena Napoli Morris (except for the interest in certain vehicles), Morris, Dennis Martens and Keron Taylor to the security interest being given to Cohen / RACNJ hereunder.

Six. Cohen and RACNJ may agree that all payments under the promissory note shall be made to and remain the sole property of Cohen, provided the general releases to Roll-A-Cover, LLC, Morris, Dena Napoli Morris and 36 Sargent Drive, LLC must be execute by RACNJ as well as Cohen.

Seven. In consideration of the foregoing and once the settlement is approved by this Honorable Court and the respective documents executed, delivered and recorded/filed as appropriate, Debtor will withdraw its objection to Cohen's motion to dismiss the proceeding so long as the motion is granted without prejudice or will move for voluntary dismissal without prejudice of the bankruptcy petition in this case as this Honorable



Court may direct and in exchange James D. Cohen and RACNJ will file a satisfaction of
judgment in the Cohen BOIA Litigation as the promissory note and collateral therefor
shall constitute a new obligation with new consideration of resolution of all claims
among the parties.

Additional Terms which prevail over
a conflict with the Proposed Settlement

(1) M P Morris Guarantee

A. Non compete in retractable enclosures
until final payment

B No dilution of Morris ownership
w/o Cohen approval.

C Morris will grant (a) security agreement and sign U CC(s)
in favor of Cohen, enforceable on default

(2) Security Agreement will include
right of replevy without bond

(3) First payment January 1, 2012 with
15 days grace unless 15th day is
a Saturday, Sunday or Holiday, then the
next business day in of Chas a
J P Morgan Chase, ~~Bank of America~~
~~or Wells Fargo.~~

(4) J. Cohen and Allan Cohen and entities owned in a wholly or in part by Cohen and/or Allan Cohen will not compete in retractable enclosures until final payment made or 3 years whichever is longer and proprietary is parts or designs cannot be used.

(5) Non disclosure of settlement

(6) Non disparagement, enforceable by injunction only

(7) RAC to provide quarterly quickbooks or equivalent profit & loss statement and balance sheet.

(8) Cohen will release all judgment liens against RAC & Morris

9

Agreed to. This 15th of November, 2012

James P. Oeten

Roll-A-Cover, LLC

by

Michael P. Morris
Managing member

MICHAEL P. MORRIS

# EXHIBIT B

**Petition for Resolution of Fee Dispute**

**March 3, 2014**

**Connecticut Bar Association, File #14-12**

EXHIBIT
B
tabbies



*Connecticut Bar Association*

(For office use)
Petition for Resolution of Fee Dispute Number _____

_____ vs. _____

Petitioner

_____

Respondent

## In Proceedings Before
## THE LEGAL FEE RESOLUTION BOARD
## of the
## CONNECTICUT BAR ASSOCIATION

## PETITION FOR RESOLUTION OF FEE DISPUTE

### (PLEASE TYPE OR PRINT CLEARLY
### DO NOT AMMEND THIS FORM)

1.  I, _____Rosenthal Law Firm, LLC_____, whose address is
                          (Name)

   ___18 North Main Street_____
                          (Street Address)

   ___West Hartford, CT 06107_____(860) 561-3100_____,
   (City)      (State)      (Zip Code)      (Telephone) (Work/Home)

request resolution of the fee dispute between myself

and _____James Cohen_____, Respondent, whose
                          (Name)

address is ___305 Newtown Road_____
                          (Street Address)

   Wyckoff, NJ 07481_____(201)447-1749_____
   (City)      (State)      (Zip Code)      (Telephone) (Work/Home)

through the process of:
(choose one)

☐   mediation only

☐   binding arbitration only

☒   mediation followed by binding arbitration of all issues not
    resolved through mediation

**PAGE 2 of 3**

2.    a. The total amount of legal fees charged was  $  102,466  .

        b. What portion of the legal fees charged is in dispute?  $  85,400  .

        **c. A statement of the facts giving rise to the claim follows on this, or an attached page.**
        **(Please attach all relevant documents.)**

Respondent hired petitioner to represent his interests in collecting a judgment that had entered in his favor against an individual and a corporate debtor.

Petitioner filed and argued motions for interest and attorney's fees that increased respondent's judgment from $575,000 to $1,058,480. Debtors did not voluntarily settle or pay the judgment. Petitioner obtained $57,464 through the use of a bank garnishment. Petitioner then negotiated a resolution of the case wherein the debtors agreed to pay $535,000 over 48 months at the rate of $10,000 per month. The respondent refused this offer.
Respondent later negotiated his own deal wherein he agreed to accept $500,000 over 54 months at the rate of $9,260 per month. Respondent accepted this offer, and debtor has been paying on this. Respondent refuses to pay petitioner his attorney's fees.

3.  It is represented that the Petitioner has made a good faith effort to resolve the dispute with the Respondent before filing the Petition.

4.  It is represented that the dispute is not the present subject of legal action nor has the matter been finally adjudicated (settled) by a Court.

5.  By filing this Petition, I acknowledge my right to be represented at my own expense by an attorney at law at the hearing or at any stage of mediation and/or arbitration.

6.  a. It is agreed that said fee dispute arbitration shall be heard and decided by an arbitration panel appointed by the Legal Fee Resolution Board of the Connecticut Bar Association in accordance with its rules.
    OR
    b. It is agreed that said fee dispute shall be mediated by a mediator appointed by the Legal Fee Resolution Board of the Connecticut Bar Association in accordance with its rules.

7.  It is further agreed pursuant to Connecticut General Statutes 52-414 that the requirement of a sworn oath of the arbitrator is hereby waived.

8.  It is further agreed that any Arbitration Award shall be final and binding upon the Petitioner and Respondent.

9.  The Petitioner acknowledges and agrees that the Petitioner or the Respondent may deposit funds in escrow with the Board.  The Petitioner also acknowledges and agrees that if such funds are deposited in escrow with the Board, the Board shall distribute these funds, together with any interest thereon, in accordance with their decision in this matter.

_____
Signature of Petitioner

  Edward Rosenthal, Esq.
_____
(Please print name)

  March 3, 2014
_____
Date

(If more than one Petitioner:)


_____
Signature of second petitioner


_____
(Please print name)


_____
Date

If Petitioner is to be represented by
Counsel please indicate below:

  Edward Rosenthal, Esq.
_____
Name of Counsel

  18 North Main Street
_____
Street Address

  West Hartford, CT 06107
_____
City          State          Zip

  (860) 561-3100
_____
Telephone

## Agreement for Legal Services - December 1, 2011

1.   *Client.* The client is James D. Cohen and Roll-A-Cover of New Jersey, LLC.

2.   *Attorney.* Client retains Rosenthal Law Firm, LLC (RLF) to represent client in collecting a judgment against Roll-A-Cover, LLC and Michael Morris.

3.   *Authorization.* Client authorizes RLF, its agents, and employees to take all appropriate steps to represent client in this matter.

4.   *Attorney's Fees.* Client shall pay RLF an attorney fee contingent on the amount of any gross recovery obtained in consideration for any time spent by RLF in representing client. The contingent fee shall be as follows:

| Amount Collected | Fee Percentage |
|---|---|
| $1- $100,000 | 30% |
| $100,001- $200,000 | 25% |
| $200,001- $300,000 | 20% |
| $300,001- $400,000 | 15% |
| $400,001 and above | 12.5% |

Gross recovery includes all money obtained by way of settlement, judgment, execution, garnishment, or otherwise for any claim *before* any expenses, debts, or liens are paid. If no gross recovery is obtained, client shall pay no attorney's fees.

Attorney's fees are due and payable upon receipt of any gross recovery.

5.   *Expenses.* Expenses are separate from and in addition to attorney's fees. Client authorizes RLF, its agents, or employees to incur expenses in representing client and to pay from any recovery obtained on client's behalf all such expenses incurred. RLF does not need client's approval before incurring expenses for any single item of expense under $650.00. At the discretion of RLF, client shall reimburse attorney for any expense incurred within thirty (30) days or advance payment on any expense necessary for the case.

Expenses shall include, but not be limited to, marshal fees, deposition fees, court fees, expert witness fees, copying charges at $0.10 per page, postage, parking charges, and mileage fees for any travel outside Hartford County (at the IRS designated rate).

Agreement for Legal Services – December 1, 2011 – Page 2 of 2

6.   *No Guarantees.* RLF has made no guarantees pertaining to RLF's representation of client or pertaining to client's claim.

7.   *Binding Effect.* This agreement is binding on the respective heirs, executors, legal representatives, and successors of RLF and client.

8.   *Commencement of Representation and Withdrawal of Representation.* RLF has no obligation to represent client until client returns a signed original of this agreement. RLF's right to withdraw from representation of client shall be governed by Rule 1.16 of the *Rules of Professional Conduct.*

9.   *Scope of Agreement and Representation.* RLF is obligated to represent client only in those matter(s) listed in paragraph 2. RLF is not obligated to represent client in: a retrial after mistrial or a reversal by an appellate court; an appeal; or any other proceedings or matters of any type. Representation in any proceeding or matter not covered by this agreement requires a new agreement in writing signed by both RLF and client.

10.   *Governing Law.* This agreement shall be governed by the laws of Connecticut.

11.   *Arbitration.* All disputes involving attorney's fees, expenses, this agreement, or any aspect of RLF's representation of client shall be submitted for binding arbitration to the Connecticut Bar Association. Any costs related to any arbitration shall be split between RLF and Client.

12.   *Attorney's Fees and Interest.* In the event that client does not pay RLF its attorney's fees or expenses in this matter as indicated herein, client agrees to pay all costs related to a collection action including RLF's attorney's fees and interest at the annual rate of ten percent (10%). RLF shall have a lien on any recovery obtained.

13.   *Entire Agreement.* This agreement represents the entire and integrated agreement between RLF and client regarding RLF's representation of client, attorney's fees, and expenses and replaces all other representations or agreements, if any, either written or oral. This agreement can be modified only by written instrument signed by both RLF and client.

Client and RLF have read and understand this *Agreement for Legal Services* dated December 1, 2011 and agree to be obligated by its terms and have signed below as a free act and deed.

Agreement for Legal Services – December 1, 2011 – Page 3 of 3

_____
James D. Cohen

_____
Rosenthal Law Firm, LLC (RLF)

_____
James D. Cohen, authorized on behalf of
Roll-A-Cover of New Jersey, LLC.

# EXHIBIT C

**Respondent's Agreement**

**July 23, 2014**

**Connecticut Bar Association, File #14-12**

File Number 14-12



**In Proceedings Before**
**THE LEGAL FEE RESOLUTION BOARD**
**of the**
**CONNECTICUT BAR ASSOCIATION**

**RESPONDENT'S AGREEMENT**
(PLEASE TYPE OR PRINT CLEARLY)

Petitioner(s): Rosenthal Law Firm, LLC
v.
Respondent(s): James Cohen

I, ___JAMES COHEN_____, whose address is
(Respondent's Name)

_305 NEWTOWN RD, WYCKOFF NJ 07481_
(Street Address)        (City)        (State) (Zip Code)

_201-403-4461_                    _jamesdcohen@aol.com_
(Telephone)            (Facsimile)            (E-Mail)

agree as follows:

1. The undersigned is the Respondent in the above-captioned Petition for Resolution of Fee Dispute.

2. The Respondent has ~~received~~ a copy of the Petition for Resolution of Fee Dispute.
   *NOT a*

3. The Respondent has ~~received~~ a copy of the *Rules For Resolution of Legal Fee Disputes* of the Connecticut Bar Association.
   *NOT a*

4. I do hereby agree to participate in dispute resolution according to the method selected by the Petitioner in the Petition for Resolution of Fee Dispute (either mediation only, binding arbitration only, or mediation followed by binding arbitration of all issues not resolved through mediation).

5. The dispute is not the present subject of legal action nor has the matter been finally adjudicated (settled) by a Court.

6. a. The total amount of legal fees charged was    $ _NONE — NO INVOICE PRESENTED_
   b. What portion of the legal fees charged is in dispute?    $ _??_

File Number 14-12

7. A statement of the facts in defense follows on this or an attached page.

MR. ROSENTHAL REFUSED TO REPRESENT ME NOW WHEN THE JUDGEMENT DEBTOR FILED FOR BANKRUPTCY. HE IS NOW TRYING TO COLLECT A FEE FOR A SETTLEMENT I NEGOTIATED PRO SE IN THE BANKRUPTCY COURT.

8. I have the right to be represented at my own expense by an attorney at law at the hearing or at any stage of mediation and/or arbitration.

9. a. It is agreed that, if arbitration was selected, said fee dispute arbitration shall be heard and decided by an arbitration panel appointed by the Legal Fee Resolution Board of the Connecticut Bar Association in accordance with its rules. (PLEASE, BY PHONE OR AT A N.J. LOCATION).

b. It is agreed that, if mediation was selected, said fee dispute shall be mediated by a mediator appointed by the Legal Fee Resolution Board of the Connecticut Bar Association in accordance with its rules.

10. Pursuant to Connecticut General Statutes 52-414, the requirement of a sworn oath of the arbitrator is hereby waived.

11. Any arbitration award shall be final and binding upon the Petitioner and Respondent.

12. The Petitioner acknowledges and agrees that the Petitioner or the Respondent may deposit funds in escrow with the Board. The Petitioner also acknowledges and agrees that if such funds are deposited in escrow with the Board, the Board shall distribute these funds, together with any interest thereon, in accordance with their decision in this matter.

_____
Signature of Respondent

JAMES D. COHEN
(Please print name)

7/23/2014
Date

If Respondent is to be represented by Counsel please indicate below:

_____
Name of Counsel

_____
Street Address

_____
City          State          Zip

_____
Telephone          Facsimile

_____
E-Mail

Page 2

# EXHIBIT D

Findings and Award of Arbitrators

December 24, 2014

Connecticut Bar Association, File #14-12



In Proceedings Before
### THE LEGAL FEE RESOLUTION BOARD
of the
### CONNECTICUT BAR ASSOCIATION

Rosenthal Law Firm, LLC, Petitioner                         File number 14-12

v.

James Cohen, Respondent                                    December 24, 2014

### FINDINGS AND AWARD OF ARBITRATORS

In this matter, the undersigned arbitrators hereby find:

1. The Petitioner has proven his contractual entitlement to attorney's fees on all sums collected by the Respondent from Michael Morris/Roll-A-Cover, LLC.
2. Under the terms of the contract between the Parties dated December 1, 2011, the Petitioner is entitled to fees on the amounts so collected or to be collected as set forth on the attached Fee Calculation and as hereinafter described:
    a. Prior to the settlement between Respondent and Morris/Roll-A-Cover, the Respondent collected the sum of $57,464.00 from Morris/Roll-A-Cover and the Petitioner has already been paid a fee on this recovery in the amount of $17,239.20.
    b. Under the terms of a settlement agreement between the Respondent and Morris/Roll-A-Cover, the Respondent is currently collecting the additional sum of $500,000.00 in 54 installments of $9,259.26. The Respondent has collected 24 payments to date totaling $222,222.24 (in addition to the $57,464.00 already collected). The Respondent presently owes fees to the Petitioner on these 24 payments in the amounts stated in the Fee Calculation, which total Fifty-Three Thousand, Six Hundred Ninety-Eight and 05/100 ($53,698.05) Dollars, and which shall be paid by February 1, 2015.
    c. The Petitioner is entitled to fees on the future 30 payments yet to be collected by the Respondent in the amounts and at the times set forth on the attached Fee Calculation.
3. The amount stated by the Petitioner in the submission as being "in dispute," i.e., $85,400.00, was the result of a miscalculation; the amount in dispute is $92,443.80.
4. The total fees owed to the Petitioner are thus:
    a. $17,239.20 (already paid to the Petitioner)
    b. $53,698.05 (due by February 1, 2015)
    c. $38,745.75 (payable in future installments per Fee Calculation)
    d. TOTAL: $109,683.00.

Eugene A. Cooney, Esq., Chairman

Joshua Hawks-Ladds, Esq.

Lindsley Wellman

{W0453927.1}

File number 14-12
Rosenthal Law Firm, LLC,
Petitioner
V.
James Cohen, Respondent

In Proceedings Before
THE LEGAL FEE RESOLUTION BOARD
of the
CONNECTICUT BAR ASSOCIATION
*Fee Calculation*

| Monthly Payments | | Sums Collected: | | $557,464.00 | Fee | Due Date |
|---|---|---|---|---|---|---|
| Prior | $57,464.00 | Balance | $500,000.00 | | $17,239.20 | Paid |
| 1 | $9,259.26 | Balance | $490,740.74 | | $2,777.78 | 2/1/2015 |
| 2 | $9,259.26 | Balance | $481,481.48 | | $2,777.78 | 2/1/2015 |
| 3 | $9,259.26 | Balance | $472,222.22 | | $2,777.78 | 2/1/2015 |
| 4 | $9,259.26 | Balance | $462,962.96 | | $2,777.78 | 2/1/2015 |
| 5 | $9,259.26 | Balance | $453,703.70 | | $2,589.76 | 2/1/2015 |
| 6 | $9,259.26 | Balance | $444,444.44 | | $2,314.82 | 2/1/2015 |
| 7 | $9,259.26 | Balance | $435,185.18 | | $2,314.82 | 2/1/2015 |
| 8 | $9,259.26 | Balance | $425,925.92 | | $2,314.82 | 2/1/2015 |
| 9 | $9,259.26 | Balance | $416,666.66 | | $2,314.82 | 2/1/2015 |
| 10 | $9,259.26 | Balance | $407,407.40 | | $2,314.82 | 2/1/2015 |
| 11 | $9,259.26 | Balance | $398,148.14 | | $2,314.82 | 2/1/2015 |
| 12 | $9,259.26 | Balance | $388,888.88 | | $2,314.82 | 2/1/2015 |
| 13 | $9,259.26 | Balance | $379,629.62 | | $2,314.82 | 2/1/2015 |
| 14 | $9,259.26 | Balance | $370,370.36 | | $2,314.82 | 2/1/2015 |
| 15 | $9,259.26 | Balance | $361,111.10 | | $2,314.82 | 2/1/2015 |
| 16 | $9,259.26 | Balance | $351,851.84 | | $2,034.21 | 2/1/2015 |
| 17 | $9,259.26 | Balance | $342,592.58 | | $1,851.85 | 2/1/2015 |
| 18 | $9,259.26 | Balance | $333,333.32 | | $1,851.85 | 2/1/2015 |
| 19 | $9,259.26 | Balance | $324,074.06 | | $1,851.85 | 2/1/2015 |
| 20 | $9,259.26 | Balance | $314,814.80 | | $1,851.85 | 2/1/2015 |
| 21 | $9,259.26 | Balance | $305,555.54 | | $1,851.85 | 2/1/2015 |
| 22 | $9,259.26 | Balance | $296,296.28 | | $1,851.85 | 2/1/2015 |
| 23 | $9,259.26 | Balance | $287,037.02 | | $1,851.85 | 2/1/2015 |
| 24 | $9,259.26 | Balance | $277,777.76 | | $1,851.85 | 2/1/2015 |
| **SUBTOTAL** | | | | | **$53,698.05** | 2/1/2015 |
| 25 | $9,259.26 | Balance | $268,518.50 | | $1,851.85 | 3/1/2015 |
| 26 | $9,259.26 | Balance | $259,259.24 | | $1,851.85 | 4/1/2015 |
| 27 | $9,259.26 | Balance | $249,999.98 | | $1,478.65 | 5/1/2015 |
| 28 | $9,259.26 | Balance | $240,740.72 | | $1,388.89 | 6/1/2015 |
| 29 | $9,259.26 | Balance | $231,481.46 | | $1,388.89 | 7/1/2015 |
| 30 | $9,259.26 | Balance | $222,222.20 | | $1,388.89 | 8/1/2015 |
| 31 | $9,259.26 | Balance | $212,962.94 | | $1,388.89 | 9/1/2015 |
| 32 | $9,259.26 | Balance | $203,703.68 | | $1,388.89 | 10/1/2015 |
| 33 | $9,259.26 | Balance | $194,444.42 | | $1,388.89 | 11/1/2015 |
| 34 | $9,259.26 | Balance | $185,185.16 | | $1,388.89 | 12/1/2015 |
| 35 | $9,259.26 | Balance | $175,925.90 | | $1,388.89 | 1/1/2016 |
| 36 | $9,259.26 | Balance | $166,666.64 | | $1,388.89 | 2/1/2016 |
| 37 | $9,259.26 | Balance | $157,407.38 | | $1,387.47 | 3/1/2016 |

**File number 14-12**
**Rosenthal Law Firm, LLC,**
**Petitioner**
**V.**
**James Cohen, Respondent**

**In Proceedings Before**
**THE LEGAL FEE RESOLUTION BOARD**
**of the**
**CONNECTICUT BAR ASSOCIATION**
*Fee Calculation*

| | | | | | |
|---|---|---|---|---|---|
| 38 | $9,259.26 | Balance | $148,148.12 | $1,157.41 | 4/1/2016 |
| 39 | $9,259.26 | Balance | $138,888.86 | $1,157.41 | 5/1/2016 |
| 40 | $9,259.26 | Balance | $129,629.60 | $1,157.41 | 6/1/2016 |
| 41 | $9,259.26 | Balance | $120,370.34 | $1,157.41 | 7/1/2016 |
| 42 | $9,259.26 | Balance | $111,111.08 | $1,157.41 | 8/1/2016 |
| 43 | $9,259.26 | Balance | $101,851.82 | $1,157.41 | 9/1/2016 |
| 44 | $9,259.26 | Balance | $92,592.56 | $1,157.41 | 10/1/2016 |
| 45 | $9,259.26 | Balance | $83,333.30 | $1,157.41 | 11/1/2016 |
| 46 | $9,259.26 | Balance | $74,074.04 | $1,157.41 | 12/1/2016 |
| 47 | $9,259.26 | Balance | $64,814.78 | $1,157.41 | 1/1/2017 |
| 48 | $9,259.26 | Balance | $55,555.52 | $1,157.41 | 2/1/2017 |
| 49 | $9,259.26 | Balance | $46,296.26 | $1,157.41 | 3/1/2017 |
| 50 | $9,259.26 | Balance | $37,037.00 | $1,157.41 | 4/1/2017 |
| 51 | $9,259.26 | Balance | $27,777.74 | $1,157.41 | 5/1/2017 |
| 52 | $9,259.26 | Balance | $18,518.48 | $1,157.41 | 6/1/2017 |
| 53 | $9,259.26 | Balance | $9,259.22 | $1,157.41 | 7/1/2017 |
| 54 | $9,259.22 | | $0.00 | $1,157.40 | 8/1/2017 |
| | **SUBTOTAL** | | | **$38,745.75** | |

| | | | |
|---|---|---|---|
| **Total** | **$557,464.00** | **$109,683.00** | |
| **Paid** | | **-$17,239.20** | |
| **Due** | | **$92,443.80** | |

# EXHIBIT E

**Application to Confirm Arbitration Award**

**July 25, 2015**

**Hartford Superior Court, Docket #HHD-CV15-6056977-S**

| DOCKET NO: | : | SUPERIOR COURT |
| ROSENTHAL LAW FIRM, LLC | : | J.D. OF HARTFORD |
| VS. | : | AT HARTFORD |
| JAMES COHEN | : | JANUARY 25, 2015 |

## APPLICATION TO CONFIRM ARBITRATION AWARD

To the Superior Court within and for the Judicial District of Hartford at Hartford, now in session, pursuant to C.G.S. §52-417 and Connecticut Practice Book §23-1, comes Rosenthal Law Firm, LLC, the plaintiff, seeking an order confirming a certain arbitration award involving matters between the Plaintiff and James Cohen, the defendant, and complains and says:

1. On or about December 1, 2011, the plaintiff and the defendant entered into an Agreement for Legal Services (the "agreement") concerning the plaintiff's representation of the defendant involving a legal dispute the defendant had with Michael Morris and Roll-A-Cover, LLC. In the agreement, the parties agreed that any dispute concerning attorney's fees shall be submitted to binding arbitration to the Connecticut Bar Association. A copy of the agreement is annexed hereto as Exhibit "A" and its terms are incorporated by reference herein.

2.      The defendant failed and refused to pay fees to the plaintiff from his settlement of the legal dispute with Michael Morris and Roll-A-Cover, LLC.

3.      The plaintiff filed a *Petition for Resolution of Fee Dispute* with the Connecticut Bar Association's Legal Fee Resolution Board. The defendant agreed to arbitrate the dispute and submitted a *Respondent's Agreement* agreeing to arbitrate before the Connecticut Bar Association. A copy of the *Petition for Resolution of Fee Dispute* and the *Respondent's Agreement* is attached hereto as Exhibit "B" and its terms are incorporated by reference herein.

4.      An arbitration hearing was held at which both parties appeared and presented evidence, and the arbitrators made an award. A copy of the award is attached hereto as Exhibit "C" and its terms are incorporated by reference herein.

5.      On or about December 24, 2014, the defendant was duly notified of the arbitration award.

6.      The defendant has failed to pay the plaintiff any portion of the award.

WHEREFORE, plaintiff prays:

      1.      That the arbitration award be confirmed and judgment entered on behalf of the Plaintiff against the Defendant in conformance with the award; and

      2.      That an order be issued directing the Defendant to appear on a day certain to show cause, if any, why this application should not be granted.

Dated at West Hartford, Connecticut on January 26, 2015.

PLAINTIFF,

By: _____

Edward M. Rosenthal
Rosenthal Law Firm, LLC
18 North Main Street
West Hartford, CT 06107
Telephone (860) 561-3100
Juris No: 408225

# EXHIBIT F

**Appeal of Findings and Award of Arbitrators and Objection to Application to Confirm Award**

**February 2, 2015**

**Hartford Superior Court, Docket No: HHD-CV15-6056977-S**

~~CONNECTICUIT BAR ASSOC~~
ROSENTHAL LAW FIRM, LLC

V

JAMES D. COHEN

HHD-CVIS-6056977-S
SUPERIOR COURT, HARTFORD
~~20 Franklin Square, New Britain~~
95 WASHINGTON STREET
~~NEW BRITAIN, CT 06050~~
HARTFORD, CT 06106
JANUARY 20, 2015

## APPEAL OF FINDINGS AND AWARD OF ARBITRATORS

+ OBJECTION TO APPLICATION TO CONFIRM AWARD

I hereby APPEAL to this court as to the FINDINGS AND AWARD OF ARBITRATORS made

on December 24, 2014 and request that this matter be dismissed in its entirety.  I make this

APPEAL based on the following:

1.  What was supposed to be mediation became arbitration and was changed to arbitration on

    the scheduled day of the mediation hearing.  I originally agreed to mediation but at the

    beginning of the hearing, the arbitrators presented their reason to change the hearing to

    arbitration and persuaded me, while under duress, to accept the change.

2.   The arbitration board was biased in their decision and appeared to be well aquatinted

    with Attorney Rosenthal (as the board referred to Attorney Rosenthal as "Ed" and to me

    as "Mr. Cohen").  Additionally, based on the tone of the hearing, the board appeared to

    have made their decision before the end of the almost two hour hearing, especially when

    they discussed in my presence, their authority to increase the fees that Attorney Rosenthal

    was requesting.  And lastly and with the knowledge that I am not an attorney, Attorney

    Rosenthal and the arbitrators used legal terms and jargon that basically excluded me from

    understanding much of the dialog (even suggesting that I "Google" the definition of a

    specific legal term and write a brief about it).

3. Little protocol was followed.  There is no transcript of the hearing.  No one was sworn in at the beginning of the hearing.  Even though arbitrators are required to be sworn in before hearing any testimony, the arbitrators made their informal declarations after Attorney Rosenthal gave his testimony.  Attorney Rosenthal and I were never sworn in.

4. Attorney Rosenthal made untrue statements and used his own opinions as facts in his testimony: His interpretation of what we agreed as collections in 2011 was different than what he presented to the arbitrators;  He made false statements as to his collection pursuits of the judgment debtor;  He made false statements when he claimed that he negotiated, and that he authored the settlement agreement that I made as a judgment creditor in bankruptcy court;  He falsely testified that he counseled me throughout the bankruptcy hearings after declaring that he could not, and would not represent my creditor's interests in bankruptcy court (recommending that I seek other council).

For these reasons, I respectfully request that the FINDINGS AND AWARD OF ARBITRATORS be dismissed.

James D. Cohen
3111 Warrens Way
Wanaque, NJ 07465
JamesDCohen@aol.com
(201) 403-4461

Sent by US Mail to:

Connecticut Bar Association
PO Box 350
30 Bank Street
New Britain, CT 06050-0350

Edward M. Rosenthal, Esq.
Rosenthal Law Firm, LLC
18 North Main Street
West Hartford, CT 06107

) MAILED 1/20/2015

( SENT TO SUPERIOR COURT IN
THIS LOCATION

# EXHIBIT G

**Retainer Agreement**

**December 1, 2011**



Agreement for Legal Services - December 1, 2011

1.    *Client.* The client is James D. Cohen and Roll-A-Cover of New Jersey, LLC.

2.    *Attorney.* Client retains Rosenthal Law Firm, LLC (RLF) to represent client in collecting a judgment against Roll-A-Cover, LLC and Michael Morris.

3.    *Authorization.* Client authorizes RLF, its agents, and employees to take all appropriate steps to represent client in this matter.

4.    *Attorney's Fees.* Client shall pay RLF an attorney fee contingent on the amount of any gross recovery obtained in consideration for any time spent by RLF in representing client. The contingent fee shall be as follows:

| Amount Collected | Fee Percentage |
| --- | --- |
| $1- $100,000 | 30% |
| $100,001- $200,000 | 25% |
| $200,001- $300,000 | 20% |
| $300,001- $400,000 | 15% |
| $400,001 and above | 12.5% |

Gross recovery includes all money obtained by way of settlement, judgment, execution, garnishment, or otherwise for any claim *before* any expenses, debts, or liens are paid. If no gross recovery is obtained, client shall pay no attorney's fees.

Attorney's fees are due and payable upon receipt of any gross recovery.

5.    *Expenses.* Expenses are separate from and in addition to attorney's fees. Client authorizes RLF, its agents, or employees to incur expenses in representing client and to pay from any recovery obtained on client's behalf all such expenses incurred. RLF does not need client's approval before incurring expenses for any single item of expense under $650.00. At the discretion of RLF, client shall reimburse attorney for any expense incurred within thirty (30) days or advance payment on any expense necessary for the case.

Expenses shall include, but not be limited to, marshal fees, deposition fees, court fees, expert witness fees, copying charges at $0.10 per page, postage, parking charges, and mileage fees for any travel outside Hartford County (at the IRS designated rate).

Agreement for Legal Services – December 1, 2011 – Page 2 of 2

6.     *No Guarantees.* RLF has made no guarantees pertaining to RLF's representation of client or pertaining to client's claim.

7.     *Binding Effect.* This agreement is binding on the respective heirs, executors, legal representatives, and successors of RLF and client.

8.     *Commencement of Representation and Withdrawal of Representation.* RLF has no obligation to represent client until client returns a signed original of this agreement. RLF's right to withdraw from representation of client shall be governed by Rule 1.16 of the *Rules of Professional Conduct.*

9.     *Scope of Agreement and Representation.* RLF is obligated to represent client only in those matter(s) listed in paragraph 2. RLF is not obligated to represent client in: a retrial after mistrial or a reversal by an appellate court; an appeal; or any other proceedings or matters of any type. Representation in any proceeding or matter not covered by this agreement requires a new agreement in writing signed by both RLF and client.

10.     *Governing Law.* This agreement shall be governed by the laws of Connecticut.

11.     *Arbitration.* All disputes involving attorney's fees, expenses, this agreement, or any aspect of RLF's representation of client shall be submitted for binding arbitration to the Connecticut Bar Association. Any costs related to any arbitration shall be split between RLF and Client.

12.     *Attorney's Fees and Interest.* In the event that client does not pay RLF its attorney's fees or expenses in this matter as indicated herein, client agrees to pay all costs related to a collection action including RLF's attorney's fees and interest at the annual rate of ten percent (10%). RLF shall have a lien on any recovery obtained.

13.     *Entire Agreement.* This agreement represents the entire and integrated agreement between RLF and client regarding RLF's representation of client, attorney's fees, and expenses and replaces all other representations or agreements, if any, either written or oral. This agreement can be modified only by written instrument signed by both RLF and client.

Client and RLF have read and understand this *Agreement for Legal Services* dated December 1, 2011 and agree to be obligated by its terms and have signed below as a free act and deed.

Agreement for Legal Services – December 1, 2011 - Page 3 of 3

_____
James D. Cohen

_____
Rosenthal Law Firm, LLC (RLF)

_____
James D. Cohen, authorized on behalf of
Roll-A-Cover of New Jersey, LLC.

# EXHIBIT H

**Order and Judgment Confirming Arbitration Award**

**March 17, 2015**

**Hartford Superior Court, Docket No: HHD-CV15-6056977-S**

ORDER   419022

DOCKET NO: HHDCV156056977S

ROSENTHAL LAW FIRM, LLC
   V.
COHEN, JAMES

SUPERIOR COURT

JUDICIAL DISTRICT OF HARTFORD
   AT HARTFORD

3/17/2015

## ORDER

ORDER REGARDING:
03/13/2015 107.00 MEMORANDUM IN SUPPORT OF MOTION

The foregoing, having been considered by the Court, is hereby:

ORDER: GRANTED

Application to confirm arbitration award is granted per orders stated on the record on March 17, 2015.

Judicial Notice (JDNO) was sent regarding this order.

419022
_____

Judge: JANE S SCHOLL
Processed by: Michelle Santos

STATE OF CONNECTICUT

HHD CV 15-6056977-S

Rosenthal Law Firm, LLC                          Superior Court
18 North Main Street
West Hartford, CT  06107                          Hartford Judicial District

Vs.

James Cohen
3111 Warrens Way
Wanaque, NJ 07465                                 March 17, 2015

Present:      Hon. Jane Scholl, Judge

## JUDGMENT

This action, by way of an application to confirm an arbitration award, came to this Court on January 26, 2015, and thence to February 2, 2015, when the defendant appeared. Thereafter, the action continued to later dates when the parties appeared and were at issue to the Court, as on file.

The Court, having heard the parties, finds the issues for the plaintiff, grants the application to confirm the arbitration award.

Whereupon it is adjudged that judgment enters for the plaintiff.

By the Court,

_Mary Baraldi_
Assistant Clerk

2015 JUN 12  P 3: 25

COPY CERTIFIED