UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JAMES D. COHEN | : | CIVIL ACTION NO: |
| | : | 3:15-CV-01043(CSH) |
| | : | |
| V. | : | |
| | : | |
| EDWARD ROSENTHAL | : | NOVEMBER 25, 2015 |

### DEFENDANT'S OBJECTION TO ENTRY OF DEFAULT
### AND MOTION FOR JUDGMENT

The defendant objects to the plaintiff's *Third Notice of Default and Motion for Judgment by Default.* Accompanying this objection is a memorandum of law in opposition as well as the Declaration of the defendant with exhibits.

The Defendant

By: _____ /s/ Edward M. Rosenthal
Edward M. Rosenthal
Federal Bar No: ct12958
Rosenthal Law Firm, LLC
18 N. Main Street
West Hartford, CT 06107
T (860) 561-3100
F (860) 561-3104
Email: ed@erosenthal.org

## CERTIFICATE OF SERVICE

I hereby certify that on November 25, 2015, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by electronic mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System

_____ /s/ Edward M. Rosenthal
Edward M. Rosenthal
Federal Bar No. ct12958

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| JAMES D. COHEN | : | CIVIL ACTION NO: |
| | : | 3:15-CV-01043(CSH) |
| | : | |
| V. | : | |
| | : | |
| EDWARD ROSENTHAL | : | NOVEMBER 25, 2015 |

## DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO ENTRY OF DEFAULT AND MOTION FOR JUDGMENT

The defendant objects to the plaintiff's *Third Notice of Default and Motion for Judgment by Default* and in opposition thereto states as follows:

Although no default has been entered by the Court against the defendant, the defendant writes to object to the entry of a default. Accompanying this Motion is the Declaration of the defendant, and the defendant incorporates same by reference. In support thereof, the plaintiff states as follows:

## BACKGROUND

The defendant is an attorney who formerly represented the plaintiff in a matter entitled *Cohen v. Roll-A-Cover* et al, CV X06 04 4015047. The defendant was hired by the plaintiff post-judgment to enforce the $575,000 judgment that entered against the plaintiff's judgment-debtors, Roll-A-Cover and Michael Morris.

At the commencement of the representation, the defendant went through the extensive files of the litigation (which was pending six years on the Waterbury Complex Litigation docket and which was appealed to the Connecticut Appellate Court), and discovered that an *Offer of Judgment* was filed that was met but never acted on. The defendant filed with the Court a motion

1

for *Offer of Judgment* interest and post-judgment interest as well as appellate attorney's fees. These motions were contested, but granted by the Court and the plaintiff's judgment nearly doubled to $1,058,000.

The defendant pursued the judgment-debtors aggressively with property executions, bank executions, motions for installment payment offers, motions to charge their unrelated LLC's, and subpoenas for examinations of judgment debtors. This aggressive pursuit resulted in the judgment debtors making an offer to the plaintiff to settle the case for $660,000 paid in $10,000 monthly installments. The plaintiff rejected the offer but a short while later settled for a remarkably similar offer. The plaintiff unilaterally determined that no fee was due the defendant despite the explicit language of the parties' written retainer agreement. The defendant had worked on this case nearly every week in 2012 up until the time of the settlement.

The defendant instituted an arbitration with the Connecticut Bar Association ("CBA") which resulted in a hearing on December 19, 2014. Both parties submitted exhibits, both testified, and both filed post-hearing briefs. The CBA panel found, unanimously, in favor of the defendant and awarded the defendant $92,390.80.  The defendant filed an *Application to Confirm Arbitration Award* in Hartford Superior Court, and it was granted over the objection of the plaintiff. The plaintiff then appealed to the Appellate Court, where that appeal remains pending.

In addition to filing the appeal with the Appellate Court, and the within case against the defendant, the plaintiff also filed a grievance against the defendant with the Statewide Grievance Committee.  The grievance cites no ethical impropriety but rather complains that I was awarded a fee he thinks I didn't earn despite the findings of the CBA and the Superior Court.

When initially sued in this action, the defendant was giving consideration to having his professional liability carrier represent him in this matter. Ultimately the defendant declined as the

allegations in this matter appear to be entirely baseless – a reiteration of the plaintiff's claims in both the CBA arbitration matter as well as the Superior Court action. This fall, the defendant has not only had to respond to the within Complaint, but also has had to draft his appellate brief in the appeal the plaintiff filed from to the Appellate Court, as well as assist his attorney in responding to the grievance complaint that the plaintiff filed against him. This is in addition to the defendant's responsibilities towards his clients' files. The defendant has tried to be diligent in responding to the plaintiff's Complaint herein, and has moved for two extensions of time to respond as well as filing a *Motion to Dismiss* as to the Complaint. From a review of PACER, it appears that the *Motion to Dismiss* was filed prior to any action on the motion for default. The defendant is filing this motion as the Court has indicated that it is holding briefing on the *Motion to Dismiss* in abeyance while it considers the default motions. This motion is being filed within one day of the Court's Order on the *Motion to Dismiss*.

**ARGUMENT**

"Defaults are not favored, particularly when the case presents issues of fact, and doubts are to be resolved in favor of a trial on the merits." *Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir. 1981)(per curiam)(citing, inter alia, ***Klapprott v. United States***, 335 U.S. 601, [615, 69 S. Ct. 384, 93 L. Ed. 266 ] (1949)). "While courts are entitled to enforce compliance with the time limits of the Rules by various means," default is viewed as an "extreme sanction," one to be treated as "a weapon of last, rather than first, resort." *Meehan*, supra at 277. See also ***Enron Oil Corp. v. Diakuhara***, 10 F3d 90, 96 (2d. Cir. 1993) ("because defaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party"). These standards have

3

also been applied when considering, in the first instance, whether to enter a default. *Gorbaty v. Wells Fargo Bank, N.A.*, 2011 U.S. Dist. LEXIS 106307 at *4 (E.D.N.Y. Sept. 21, 2011) (Garaufis, J.).

Under Federal Rule of Civil Procedure 55(c), "[t]he court may set aside an entry of default for good cause." Although the rule does not define "good cause," the Second Circuit has "advised district courts to consider three factors in deciding a Rule 55(c) motion: (1) whether the default was willful; (2) whether the moving party has presented a meritorious defense; and (3) whether setting aside the default would prejudice the party for whom default was awarded." *State Farm Mut. Auto. Ins. Co.*, 409 F. App'x 453, 455 (2d Cir. 2011). *See generally Western Surety Co. v. Leo Construction, LLC*, 2013 U.S. Dist. LEXIS 4904 at *18 (D.Conn. Jan. 11, 2013)(Haight, J.).

"A motion to vacate a default is subject to a less rigorous standard than applies to a Rule 60(b) motion to vacate a default judgment." *American Alliance Ins. Co., Ltd. v. Eagle Ins. Co.*, 92 F.3d 57, 59 (2d Cir. 1996) (citing *Meehan*, supra at 276 (which states that "standard for setting aside the entry of a default pursuant to Rule 55(c) is less rigorous than the 'excusable neglect' standard for setting aside a default judgment by motion pursuant to Rule 60(b)")). See also *State Farm Mut. Auto. Ins. Co.*, supra at 456 (Second Circuit "analyzed [defendants'] claims under Rule 55(c)'s more forgiving standard for setting aside an administrative default"); *New York v. Green*, 420 F.3d 99, 109 (2d Cir. 2005) (Under Rule 55(c), "a default may be vacated for 'good cause shown,' a less rigorous standard than applies under Rule 60(b)."). When a district court has erroneously applied the more vigorous standard of Rule 60(b) to consider vacating a default, versus a default judgment, the Second Circuit has held that such an error "requires reversal." *Meehan*, supra at 276.

This Court should allow this case to be heard on the merits. Strong public policy favors resolving disputes on the merits. *American Alliance Ins.*, supra, at 61.

Courts look to four factors when assessing excusable neglect claims: "(1) the danger of prejudice to the non-movant, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith." *Padilla v. Maersk Line, Ltd.*, 721 F.3d 77, 83 (2d Cir. 2013). In this case, there is no danger of prejudice to the plaintiff as there is no evidence that will be lost to the plaintiff by reason of the delay. The delay was short, and the defendant has acted in good faith by filing a responsive pleading prior to the entry of any default or any judgment entering. The defendant filed motions for extension of time, a *Motion to Dismiss*, and the defendant did not sit back and ignore the proceedings.

It cannot be seriously disputed that the defendant has a meritorious defense to the plaintiff's claims. The plaintiff's claims are barred by the doctrines of res judicata/collateral estoppel, the statute of limitations, and are insufficiently pled. The plaintiff's breach of contract claim is not well-taken given that he settled the underlying claims with his judgment-debtors, thereby precluding the defendant from taken further action on his behalf; additionally, it is barred by the Statute of Limitations, Conn. Gen. Stat. §52-577. The defendant did not breach any implied covenant of good faith and fair dealing in that everything the defendant did was pursuant to the parties' written retainer and sanctioned by the CBA arbitration panel and the Superior Court. Judgment entered in favor of the defendant in Superior Court. The misrepresentation count is not sufficiently pled and it is barred by the Statute of Limitations, Conn. Gen. Stat. §52-577. The unjust enrichment claim is not sufficiently pled. The defendant has not been unjustly enriched as the plaintiff paid nothing to the defendant towards the CBA award, and further, the

5

fee was the result of an arbitration hearing in the defendant's favor and resulted in a judgment in his favor in Superior Court. The defendant refers the Court to its *Motion to* Dismiss for a more detailed explanation of his defense. To satisfy the criterion of a "meritorious defense," the defense need not be ultimately persuasive at this stage. "A defense is meritorious if it is good at law so as to give the factfinder some determination to make." ***American Alliance***, supra at 61 quoting **A***nilina Fabrique de Colorants v. Aakash Chemicals and Dyestuffs, Inc.*, 856 F.2d 873, 879 (7th Cir. 1988). "A possible defense is sufficient even if not "ultimately persuasive at this stage," ***American Alliance***, supra at 61, so long as there is something more than mere "conclusory denials," ***Enron Oil***, supra at 98

There is no prejudice to the plaintiff should the Court not enter a default against the defendant and/or vacate and set aside any default. "The final factor to be weighed is whether plaintiff will be prejudiced if entry of default is set aside. This factor requires more than just delay of plaintiff's relief. *Id.* at 98. Prejudice to the plaintiff can be shown if granting the Motion to Set Aside Default would result in the loss of evidence, create increased difficulties of recovery, or provide opportunity for fraud and collusion. ***Green***, supra at 110; ***Atlantic Recording Corp. v. Brennan***, 534 F. Supp. 2d 278, 282 (D.Conn. 2008). In this case, plaintiff does not state how he would be prejudiced if default judgment was not granted. Plaintiff's relief has thus far been delayed only a few months, and delay alone is not a sufficient basis for establishing prejudice. ***Green***, supra at 110. Without a further showing of prejudice, this factor does not weigh in plaintiff's favor." ***Langer v. Astro Auto, Inc.***, 2012 U.S. Dist. LEXIS 114329 at *7, (D. Conn.) (Aug. 13, 2012, Margolis, J.)

In the within matter, it is important to note that no default has been entered as of yet on the docket as viewed from PACER. This case is not a situation where the defendant is trying to

6

harass the plaintiff by delaying the action interminably. The defendant filed a responsive pleading in the form of a *Motion to Dismiss* <u>prior to any default entering in this matter</u>. The *Motion to Dismiss* is a meritorious and well-taken motion which addresses all aspects of the plaintiff's claims in this matter. The *Motion to Dismiss* was a substantial undertaking on the part of the defendant given that it was 26 pages long and has multiple bases for the Court to dismiss the Complaint in its entirety or individual counts.

The defendant has taken no willful action to default in this matter, and indeed the defendant is objecting within one day of the Court posting on PACER its Order that the Court was considering a ruling on the default motion filed by the plaintiff.

## CONCLUSION

When the Court considers that the Second Circuit policy strongly favors having disputes heard on the merits, that this case is a misuse of this Court's remedies by a litigant unhappy with the outcome of a state court proceeding, that default is an extreme sanction, and that the defendant filed a responsive pleading prior to the entry of any default, the Court should not enter a default or a default judgment against the defendant. The defendant did not willfully default, as the defendant did file a motion seeking an extension of time and was diligently working on the *Motion to Dismiss* which he did file. There is a meritorious defense to this action, and the defendant wants the opportunity to present and make that defense.  There is no prejudice to the plaintiff as a result of any delay occasioned by the filing of the *Motion to Dismiss*. Under these circumstances, the Court should not default the defendant or should vacate and set aside any default that did enter.

The Defendant

By:     /s/ Edward M. Rosenthal
        Edward M. Rosenthal
        Federal Bar No: ct12958
        Rosenthal Law Firm, LLC
        18 N. Main Street
        West Hartford, CT 06107
        T (860) 561-3100
        F (860) 561-3104
        Email: ed@erosenthal.org

## CERTIFICATE OF SERVICE

I hereby certify that on November 25, 2015, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by electronic mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System

        /s/ Edward M. Rosenthal
        Edward M. Rosenthal
        Federal Bar No. ct12958

8