UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAMES D. COHEN,<br><br>    Plaintiff,<br>v.<br><br>EDWARD ROSENTHAL, individually and as the sole member of ROSENTHAL LAW FIRM, LLC,<br><br>    Defendants. | 3:15-cv-01043 (CSH) |

**ORDER**

HAIGHT, Senior District Judge:

  Plaintiff, James D. Cohen, instituted this pro se action against his former attorney, Defendant Edward Rosenthal, in connection with Defendant's representation of Plaintiff in an effort to recover on a judgment. The Court enters the instant Order to resolve certain complexities that arose in the beginning stages of this litigation due in large part—but not entirely to—the Defendant's repeated failure to adhere to deadlines imposed by the Federal Rules of Civil Procedure.

**I. Background**

  Plaintiff filed his Complaint in this action on July 8, 2015. Doc. 1. Defendant was served with it on August 26, 2015, [Doc. 11], and was to respond by September 16, 2015, which he did not do. On September 17, 2015, after Defendant's deadline to respond had passed, Plaintiff properly filed a Motion for Default Entry pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. Doc. 12. The Clerk has yet to enter that default. Rather, Defendant filed an appearance on September 18, 2015, [Doc. 13], and, on that same day, despite the fact that the date for his responsive pleading had already passed, filed a motion to extend his time to respond to the complaint

to October 18, 2015, [Doc. 14]. This motion was granted by the Clerk. Doc. 15. Nevertheless, Defendant also missed this self-selected deadline, leading the Plaintiff to file a second Motion for Default Entry on October 20, 2015. Doc. 16. The Clerk has also yet to enter that default. On October 21, 2015, despite that the *self-selected extended* deadline for his responsive pleading had passed, the Defendant again filed a motion to extend his time to respond to the Complaint, this time to November 21, 2015. Doc. 17. This time, the Plaintiff objected to the requested extension, [Doc. 18], and the Court issued no ruling with respect to the request. Nevertheless, Defendant ***again*** missed his self-selected extended deadline, leading Plaintiff to file, on November 23, 2015, a third request for the Court to enter a default, and, this time, concurrently moved the Court to also enter default judgment against the Defendant. Doc. 19. Less than two hours later, also on November 23, 2015, Defendant filed a motion to dismiss the complaint without addressing any of the above procedural history, including the fact that he had now missed three deadlines imposed by the federal rules, two of which he had selected himself. Doc. 20. On November 24, 2015, the Court issued an order that further briefing on Defendant's motion to dismiss be held in abeyance pending the instant Order, which addresses Plaintiff's Motions for Default Entry and Motion for Default Judgment. Doc. 21. Following that order, on November 25, 2015, Defendant filed an opposition brief to Plaintiff's motion for default judgment and entry of default. Doc. 22.

**II.     Entry of Default and Default Judgement**

Under the Federal Rules, a default judgment against a non-responsive defendant is secured in two steps. First, the moving party must show that the non-moving party "has failed to plead or otherwise defend" within the time allotted by the Federal Rules. Upon such a showing, the Clerk of Court "*must* enter the party's default." Fed. R. Civ. P. 55(a) (emphasis added). Second, only after

the entry of default, and with an exception not relevant here,[1] the moving party "must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). However, a court may elect not to enter default judgment, and set aside an entry of default, against a non-responsive party for "good cause." Fed. R. Civ. P. 55(c). In other words, the "decision whether to enter default judgment is committed to the district court's discretion." *Greathouse v. JHS Sec. Inc.*, 784 F.3d 105, 116 (2d Cir. 2015). When applying its discretion in setting aside an entry or judgment of default, a district court should be guided by the following criteria: "(1) the willfulness of default, (2) the existence of any meritorious defenses, and (3) prejudice to the non-defaulting party." *Guggenheim Capital, LLC v. Birnbaum*, 722 F.3d 444, 455 (2d Cir. 2013).

Here, the Plaintiff has moved for default judgment prior to a default being entered on the docket, which would ordinarily render such a motion premature. However, as made clear above, default has failed to enter in this case through no fault of the Plaintiff, who has done all that is required of him under Rule 55(a). Where, as here, a "party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and "that failure is shown by affidavit or otherwise," the Clerk "***must***" enter the default. Fed. R. Civ. P. 55(a) (emphasis added). Through the instant Order, the Court determines that Plaintiff should not be punished—and Defendant's repeated failure to adhere to deadlines in this action should not be excused—simply because the office of the Clerk has not performed its required duty. The Court of Appeals has determined that entry of default under Rule 55(a) is simply "a ministerial step," *City of New York v. Mickalis Pawn Shop, LLC*, 645

---

[1] Rule 55(b)(1) allows, in certain circumstances, for the Clerk of Court to enter default judgment. Here, Plaintiff expressly requests the Court to enter default judgment, [Doc. 19], at 3, contemplating that the motion is within Rule 55(b)(2). Moreover, the Clerk may only enter default judgment under Rule 55(b)(1) where the Plaintiff submits "an affidavit showing the amount due," which Plaintiff did not do here.

F.3d 114, 128 (2d Cir. 2011), and has allowed default judgment to stand even where no entry of default was on the docket, *Beller & Keller v. Tyler*, 120 F.3d 21, 22 n.1 (2d Cir. 1997) ("assum[ing] that the district court exercised [its] power" "to perform the ministerial function assigned to the clerk of entering default," where "the docket sheet does not indicate that, as is common practice, a default was entered by the clerk of the court before the entry of the default judgment").

With these principles in mind, the Court believes the proper course in this instance is to declare that DEFAULT HAS ENTERED in this action and to entertain Plaintiff's [Doc. 19] Motion for Default Judgment. As Defendant has already filed an opposition brief to that Motion, Plaintiff, if it so chooses and pursuant to Local Rule 7(d), may file a reply brief on or before **December 9, 2015**. A ruling from the Court will follow.

The Court further holds that Defendant's [Doc. 20] Motion to Dismiss is DENIED WITHOUT PREJUDICE to refiling if a default judgment is not awarded in this action.[2]

**It is SO ORDERED.**

**Dated: New Haven, Connecticut
    November 30, 2015**

　　　　　　　　　　　　　　　　　　　　　　　　/s/ *Charles S. Haight, Jr.*
　　　　　　　　　　　　　　　　　　　　　　**Charles S. Haight, Jr.
Senior United States District Judge**

---

[2] Because Defendant filed his motion to dismiss after defaulting (a third time), the Court will not entertain it at this time. "Entry of default cuts off a defendant's right to appear in the action, file counterclaims, and present a defense." *Wahoo Int'l v. Phix Doctor, Inc.*, 2014 WL 5465373, at *2 n.1 (S.D. Cal. Oct. 28, 2014) (citing *Clifton v. Tomb*, 21 F.2d 893, 897 (4th Cir. 1927)); *see also J&J Sports Prods. Inc. v. Kuo*, 2007 WL 4116209, at *2 (W.D. Tex. Nov. 15, 2007) (entry of default "cuts off the defendant's right to file any document other than a motion to set aside the entry of default"); *Kapadia v. Thompson*, 2008 WL 5225813, at *3 (D. Ariz. Dec. 15, 2008) (same); Richard D. Freer, *Civil Procedure*, Section 7.5.2 (2d ed. 2009) ("Though the entry of default does not entitle the plaintiff to relief (she needs a judgment for that), it does one important thing – it cuts off the defendant's right to file a response to the complaint").