UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAMES D. COHEN,<br><br>        Plaintiff,<br>v.<br><br>EDWARD ROSENTHAL, individually and as the sole member of ROSENTHAL LAW FIRM, LLC,<br><br>        Defendants. | 3:15-cv-01043 (CSH) |

**RULING ON PLAINTIFF'S MOTION FOR DEFAULT
JUDGMENT AND DEFENDANT'S MOTION TO SET ASIDE DEFAULT**

HAIGHT, Senior District Judge:

In a November 30, 2015 ruling—familiarity with which is assumed—this Court ruled that default had entered against Defendant Edward Rosenthal pursuant to Fed. R. Civ. P. 55(a). Doc. 23. In light of that ruling, the Court also determined that it would resolve Plaintiff's then pending motion seeking a default judgment pursuant to Fed. R. Civ. P. 55(b), [Doc. 19].[1] Defendant subsequently filed a motion to set aside the entry of default. Doc. 27. This Ruling resolves both pending motions.

**I.      Standards of Review**

A district court may relieve a party from the entry of default for "good cause." Fed. R. Civ. P. 55(c). In determining good cause, a court should review the following criteria: "'(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented.'" *Keebler v. Rath*, 405 F. App'x 517, 519 (2d Cir. 2010)

---

[1] Subsequent to Plaintiff's filing of his motion for default judgment, Defendant filed a motion to dismiss, [Doc. 20], which the Court denied without prejudice in the November 30, 2015 ruling. It did so because, default having been entered, Defendant was foreclosed from filing a motion aimed at the pleading. Doc. 23, at 4 n.2 (collecting authority).

(quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d. Cir. 1993)).  These factors should be considered both with respect to "reliev[ing] a party from default or from a default judgment." *Id.* Further, a "district court has discretion under Rule 55(b)(2) once a default is determined to require proof of necessary facts and need not agree that the alleged facts constitute a valid cause of action." *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981).  Finally, "[d]efault judgments are generally disfavored and are reserved for rare occasions. As such, the criteria for vacating a default judgment . . ., including the meritorious defense factor, should be construed generously." *State St. Bank and Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 168 (2d Cir. 2004) (internal citations and quotations omitted).

**II.     Discussion**

In light of a deficiency with the complaint, the Court determines that Plaintiff has not at present alleged a cause of action triable in this Court and that a default judgment cannot be entered. Specifically, Plaintiff has failed to allege properly that this Court has subject matter jurisdiction over his lawsuit. Therefore, not only is the Court precluded from entering default judgment, the Court must set aside default and dismiss Plaintiff's complaint in its current form.

Plaintiff asserts that the Court has subject matter jurisdiction pursuant to the diversity jurisdiction statute, 28 U.S.C. § 1332.  Relevant here, § 1332(a)(1) confers federal courts with jurisdiction over civil actions between "citizens of different States."  "[I]t is well established that [t]he party seeking to invoke jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete." *Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322-23 (2d Cir. 2001) (internal quotations and citation omitted).

Here, Plaintiff has failed to make proper allegations regarding the citizenship of either party.

Rather, Plaintiff only alleges the following: (i) "I am from New Jersey"; (ii) "[D]efendant is from Connecticut"; (iii) "[I] am a resident of the State of New Jersey;" and (iv) "[D]efendant Edward Rosenthal is a resident of the state of Connecticut and is the sole practitioner and sole member of the Rosenthal Law Firm . . . located at 18 North Main Street, West Hartford, CT 06107." Doc. 1, at 3. However, Plaintiff errs in making allegations solely with respect to *residence* (and where the parties are *from*). As quoted above, § 1332 speaks only of *citizenship*, and it is "well-established that allegations of residency alone cannot establish citizenship." *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 103 (2d Cir. 1997) (citing *Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996)). Rather, an individual's citizenship for purposes of diversity is determined by his or her *domicile*, not residence. *See Palazzo v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000); *see also John Birch Soc. v. Nat'l Broadcasting Co.*, 377 F.2d 194, 199 (2d Cir. 1967) ("it has long been held that a statement of residence, unlike domicile, tells the court only where the parties are living and not of which state they are citizens"). Notably, "'[d]omicile' is not necessarily synonymous with 'residence,'" and "one can reside in one place but be domiciled in another." *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) (internal citations omitted). By making allegations only as to where he and Defendant *reside* (and are *from*), Plaintiff has failed to allege sufficiently the citizenship of either party.

Where a court determines that subject matter jurisdiction is lacking, it "must dismiss the action." Fed. R. Civ. P. 12(h)(3). It must do so even where, as here, the defendant has made no argument as to the Court's jurisdiction. As the Second Circuit has observed, "[it] is the obligation of a court, on its own motion, to inquire as to subject matter jurisdiction and satisfy itself that such jurisdiction exists." *Da Silva v. Kinsho Int'l Corp.*, 229 F.3d 358, 361-62 (2d Cir. 2000) (citing *Mt.*

*Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977)); *see also Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006) ("Although neither party has suggested that we lack appellate jurisdiction, we have an independent obligation to consider the presence or absence of subject matter jurisdiction *sua sponte*."), *cert. denied*, 549 U.S. 1282 (2007); *D'Amico Dry Ltd. v. Primera Maritime (Hellas) Ltd.*, 756 F.3d 151, 161 (2d Cir. 2014) ("Federal courts have a duty to inquire into their subject matter jurisdiction sua sponte, even where the parties do not contest the issue").

A failure to allege diversity of citizenship serves as a categorical bar to jurisdiction, even for *pro se* litigants, such as Plaintiff, whose pleadings are reviewed liberally. *See Housand v. Heiman*, 594 F.2d 923, 925 (2d. Cir. 1979) (affirming dismissal of *pro se* complaint, even though "[p]ro se papers should be read liberally," because plaintiff did "not make clear in his pleadings on what facts his diversity claims is based"); *Belcher v. Younger*, 2009 WL 1929101, at *1 (D. Conn. July 1, 2009) ("Although the Court will construe a *pro se* plaintiff's complaint liberally, the Court cannot find jurisdiction where none exists simply because plaintiff proceeds *pro se*."). The Court is therefore constrained to hold that Plaintiff's present complaint must be dismissed.

However, it does not follow that Plaintiff is foreclosed from seeking relief in this Court at this point. Where a *pro se* complaint is dismissed for failure to allege properly diversity of citizenship, the Plaintiff "should be given the chance to allege facts upon which diversity jurisdiction may be anchored." *Housand*, 594 F.2d at 925. The Court will provide Plaintiff with such an opportunity. Plaintiff will be allowed to amend his complaint to include proper allegations of the citizenship of the parties to the instant litigation.[2]

---

[2] As discussed, an individual is a citizen in the state of his or her "domicile." "'In general, the domicile of an individual is his true, fixed and permanent home and place of habitation,' which is to say, 'the place to which, whenever he is absent, he has the intention of returning.'"

### III.     Conclusion

For the foregoing reasons, Plaintiff's Motion for a Default Judgment, [Doc. 19], is DENIED, and Defendant's Motion to Set Aside Default, [Doc. 27], is GRANTED.  Further, Plaintiff's Complaint, [Doc. 1], is DISMISSED WITHOUT PREJUDICE.  Plaintiff, if he so chooses, may file an amended complaint rectifying the deficiencies identified within this ruling by **May 20, 2016**, failing which this action will be dismissed without prejudice.  If Plaintiff is to file such an amended complaint, Defendant will then have the opportunity to respond to that pleading in the usual course pursuant to the Federal and Local Rules of Civil Procedure.

**It is SO ORDERED.**

**Dated: New Haven, Connecticut**
         **May 3, 2016**

                                                                 */s/ Charles S. Haight, Jr.*
                                                            **Charles S. Haight, Jr.**
                                                            **Senior United States District Judge**

---

*Amity Partners v. Woodbridge Ass., Ltd. P'ship*, 2013 WL 6096524, at *2 (D. Conn. Nov. 20, 2013) (quoting *Martinez v. Bynum*, 461 U.S. 321, 332 (1983)).  Relevant factors demonstrating an intent to return were discussed by then-District Judge Cabranes:

> In sum, the court uses a "totality of the evidence" approach, and no single factor is conclusive.  Of course, pertinent factors include the place where civil and political rights are exercised, taxes paid, real and personal property (such as automobiles) located, driver's and other licenses obtained, bank accounts maintained, and places of business or employment.  Other factors are also relevant, such as whether the person owns or rents his place of residence, how permanent the residence appears, and the location of a person's physician, lawyer, accountant, dentist, stockbroker, *etc.*

*Hicks v. Brophy*, 839 F. Supp. 948, 951 (D. Conn. 1993) (internal citations omitted).