# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAMES D. COHEN, <br><br> Plaintiff, <br> v. <br><br> EDWARD ROSENTHAL, individually and as the sole member of ROSENTHAL LAW FIRM, LLC, <br><br> Defendant. | 3:15-cv-01043 (CSH) <br><br><br> **AUGUST 14, 2017** |

## RULING ON DEFENDANT'S MOTION TO DISMISS

### HAIGHT, Senior District Judge:

Plaintiff James Cohen brings this action *pro se* against his former attorney, Defendant Edward Rosenthal. Plaintiff initially brought state common law claims for (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing, (3) misrepresentation, and (4) unjust enrichment, invoking this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. Defendant moved to dismiss Plaintiff's Amended Complaint, and the Court granted that motion as to all claims but allowed Plaintiff an opportunity to re-plead his breach of the implied covenant of good faith and fair dealing claim. *Cohen v. Rosenthal*, No. 3:15-cv-01043, 2016 WL 7340280, at *9-10 (D. Conn. Dec. 19, 2016). Familiarity with this Ruling is assumed.

Plaintiff filed a Second Amended Complaint on January 30, 2017. Doc. 38. Defendant then filed a motion to dismiss that Second Amended Complaint on March 9, 2017. Doc. 41. This Ruling resolves that motion.

**I.  Background**[1]

Plaintiff obtained a judgment in Connecticut Superior Court in his favor against Roll-A-Cover, LLC ("RAC") and Michael Morris in June 2010.  Doc. 38 at 1-2 & n.1.  On December 1, 2011, Plaintiff retained Defendant, a Connecticut attorney, and the parties signed an "Agreement for Legal Services" authorizing Defendant to collect for Plaintiff the judgment against RAC and Morris.  *Id.* ¶ 3.[2]  Plaintiff's allegations center around Defendant's refusal to properly collect on this judgment.

In addressing Defendant's first motion to dismiss, the Court held that Plaintiff was barred by the *Rooker-Feldman* doctrine from asserting any unjust enrichment claim and collaterally estopped from asserting any contract related claims based on Defendant's actions or inactions in collecting on the judgment from RAC.  *Cohen*, 2016 WL 7340280 at *4-7.  The Court concluded that to the extent Plaintiff's breach of contract and breach of the implied covenant of good faith and fair dealing claims were based on Defendant's actions or inactions related to collecting on the judgment from Morris such claims were not barred by either doctrine.  *Id.* at *5, 7.  In addition, the *Rooker-Feldman* doctrine did not bar Plaintiff's misrepresentation claims.  *Id.* at *5.  The Court, however, ultimately dismissed Plaintiff's breach of contract and misrepresentation claims because such claims were

---

[1] The facts recounted here are derived solely from the allegations in Plaintiff's Second Amended Complaint, Doc. 38, and this Court's prior Ruling, *see Cohen*, 2016 WL 7340280.  Plaintiff restarted the numbering of his paragraphs with each section of his Second Amended Complaint; therefore, the Court has provided the page and paragraph number for each citation.

[2] As a preliminary matter, the Court recognizes, as it did in regards to the first motion to dismiss, that this agreement contained a broad arbitration clause requiring arbitration for disputes arising out of and related to the contract and Defendant's representation of Plaintiff.  Again, the Court will not address enforcing this arbitration clause *sua sponte* since neither party has requested enforcement of that provision at this point in the litigation.  *See Cohen*, 2016 WL 7340280, at *3 n.4 (citing *Lefkowitz v. Reissman*, No. 12-cv-8703, 2014 WL 925410, at *8 (S.D.N.Y. March 7, 2014)).

barred by the statute of limitations. *Id.* at *7-8 (holding that because Plaintiff's breach of contract claim sounded in tort, the three-year statute of limitations applied and Plaintiff's claim was untimely, and that the same statute of limitations barred Plaintiff's misrepresentation claim). The Court also dismissed Plaintiff's breach of the implied covenant of good faith and fair dealing claim because Plaintiff had made only limited allegations related to the claim and failed at all to specify what conduct by Defendant constituted actions taken in bad faith to support the claim. *Id.* *9.

Given the very limited allegations made by Plaintiff, the Court allowed Plaintiff the opportunity to re-plead a breach of the implied covenant of good faith and fair dealing claim. *Cohen*, 2016 WL 7340280, at *9. In doing so, the Court recounted the legal standard in detail so that Plaintiff could attempt to properly plead such a claim. *Id.* In particular, the Court noted that such a claim requires alleging facts supporting that a defendant has taken actions (or inactions) in bad faith and that bad faith requires "more than mere negligence." *Id.* (quoting *Kim v. State Farm Fire & Cas. Co.*, No. 15-cv-879, 2015 WL 6675532, at *3 (D. Conn. Oct. 30, 2015)) (internal quotation marks omitted). The Court also recognized that Plaintiff's own allegations initially appeared to contradict that Defendant had acted in bad faith by alleging that Defendant was only going to be paid based on the amounts he collected, and thus, Defendant's only incentives would have been to diligently collect on the judgment. *Id.* at *9 n.17. Plaintiff attempted to comply with the Court's Ruling and guidance by filing a Second Amended Complaint. Doc. 38.

The facts pled in Plaintiff's Second Amended Complaint are essentially the same as those pled in Plaintiff's Amended Complaint, although the allegations focus on Defendant's lack of action related to collecting on the judgment from Morris. The Court will recount them fully here.

Defendant retained Plaintiff to collect on the judgment against RAC and Morris. *See* Doc.

38 at 2 ¶ 3. Any collections from RAC were stayed because of a bankruptcy proceeding, however, Morris remained liable for the judgment and had sufficient assets to satisfy the remaining amounts owed. *Id.* at 2-3 ¶¶ 4-5. Defendant, a member of the Connecticut Bar and Connecticut Bar Association terminated his collection efforts in May 2012 with an uncollected balance of $1,020,565. *Id.* at 3 ¶¶ 7, 9.[3] As a result of "Defendant's bad faith and unfair dealing with regard to the Agreement," Plaintiff accepted a settlement from RAC, and after applying that, the uncollected judgment remained at $900,069 as of June 30, 2017. *Id.* at 3 ¶ 11.

Plaintiff alleges that Defendant breached the implied covenant of good faith and fair dealing in a variety of ways, which led to Morris being able to transfer and get rid of his assets and Plaintiff's inability to recover on the judgment. *Id.* at 4-5 ¶¶ 2-3. Plaintiff lists the following breaches in his Second Amended Complaint, stating that Defendant: represented that his law firm was licensed to practice law in Connecticut, misled Plaintiff to believe that he had the experience and ability to collect on the judgment, misled Plaintiff to believe he had the experience to deal with Morris and would aggressively pursue Morris's assets, purposely failed to pursue Morris's assets, choose not to participate in an examination of Morris, failed to pursue collections of Morris's assets per the terms of the Agreement, failed to depose or examine Morris, failed to demand disclosure of Morris's assets, failed to obtain and act on property or bank executions, failed to file liens and writs of attachments against Morris's assets and/or LLC ownerships, failed to seize Morris's motor vehicles or real estate, and failed to communicate with Plaintiff regarding all collection efforts. *Id*. at 4-5 ¶ 2.

---

[3] Plaintiff also alleges that Defendant's law firm, Rosenthal Law Firm LLC, "does not have a Juris number, is not a member of the Connecticut Bar Association, and . . . does not have a license to practice law in Connecticut." *Id.* at ¶ 8. Such a fact is, however, irrelevant to the Court's analysis because a law firm does not need to be individually licensed by the state.

**II.     Standard of Review**

A plaintiff must set forth sufficient factual allegations, which accepted as true, "state a claim to relief that is plausible on its face" in order to survive a Rule 12(b)(6) motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, (2007)) (internal quotation marks omitted). In applying this standard, the Court is guided by "'[t]wo working principles.'" *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678). First, all factual allegations in the complaint must be accepted as true and all reasonable inferences must be drawn in Plaintiff's favor although the Court need not accept "legal conclusions" or similar conclusory statements. *See id.* Second, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense" and only if a complaint states a plausible claim for relief will it survive a motion to dismiss. *Id.* (quoting *Iqbal*, 556 U.S. at 679) (internal quotation marks omitted).

Even under this standard, however, the Court must liberally construe *pro se* pleadings and hold them to a less rigorous standard of review than pleadings drafted by an attorney. *See Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007). Moreover, *pro se* pleadings and briefs must be read "to raise the strongest arguments they suggest." *Id.* (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)) (internal quotation marks omitted). The Court's review at the motion to dismiss stage may include documents that are either incorporated by reference into the complaint or attached as exhibits as well as public records. *See Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 217 (2d Cir. 2004). Here, Plaintiff repeatedly cites in his Second Amended Complaint to documents filed in connection with the first motion to dismiss that

this Court took judicial notice of in its prior Ruling, including the contract between the parties. The Court will consider these documents by again taking judicial notice of them as public records and because Plaintiff has incorporated them by reference in his Second Amended Complaint.

### III.    Discussion

Defendant argues that Plaintiff has failed to adequately re-plead any breach of the implied covenant of good faith and fair dealing claim. Doc. 41. Defendant asserts that Plaintiff has merely pled a negligence claim, which is barred by the three-year statute of limitations. *Id.* at 4-9. Alternatively, Defendant argues that Plaintiff has failed again to allege any dishonest or improper motive and has not alleged that Defendant was responsible for blocking any benefit to Plaintiff under the contract as required to plead such a claim. *Id.* at 9-12. Plaintiff responds with a two-page objection stating that Defendant breached the implied covenant by making "intentional and dishonest" representations about his experience and failing to seize anything other than the "low hanging fruit" in an effort to obtain a large fee for his services. Doc. 42 at 1-2.

As explained in this Court's prior Ruling, a breach of the implied covenant of good faith and fair dealing claim requires establishing that: "(1) two parties entered into a contract under which the plaintiff reasonably expected to benefit; (2) the benefit was denied or obstructed by the other party's actions; and (3) the other party's actions were taken in bad faith." *See Van Dorstsen v. Provident Life & Accident Ins. Co.*, 554 F. Supp. 2d 285, 287 (D. Conn. 2008) (citing *Franco v. Yale Univ.*, 238 F. Supp. 2d 449, 455 (D. Conn. 2002)). Importantly, "[b]ad faith is defined as the opposite of good faith, generally implying a design to mislead or to deceive another, or a neglect or refusal to fulfill some duty or some contractual obligation not prompted by an honest mistake." *Id.* (quoting *Buckman v. People Express, Inc.*, 205 Conn. 166, 171 (1987)). Morever, it "is not simply bad

judgment or negligence, but rather it implies the conscious doing of a wrong because of dishonest purpose or moral obliquity . . . it contemplates a state of mind affirmatively operating with furtive design or ill will." *Id.* (quoting *Buckman*, 205 Conn. at 171); *see also Kim*, 2015 WL 6675532, at *3 (stating that bad faith "means more than mere negligence" (quoting *De La Concha of Hartford, Inc. v. Aetna Life Ins. Co.*, 269 Conn. 424, 433 (2004)) (internal quotation marks omitted)).

Even undertaking the required liberal reading of the *pro se* Second Amended Complaint and Plaintiff's opposition to this motion to dismiss, Plaintiff is simply re-asserting the claims already addressed and dismissed by this Court's prior Ruling. No allegations, or inferences that can be made from these allegations, go beyond "mere negligence" and amount to any bad faith on the part of Defendant. To summarize, Plaintiff alleges that Defendant misled him as to Defendant's experience and ability to collect the debt, ceased efforts to collect from Morris, never sought to examine or depose Morris, and generally did not diligently exercise all options to pursue the assets of Morris. These are the exact same allegations Plaintiff made previously, which the Court, as it was obligated to do, construed liberally as Plaintiff's breach of the implied covenant of good faith claim. *Cohen*, 2016 WL 7340280, at *9. The Court previously determined that such allegations only amounted to "simple negligence," which failed to explain or allege any action or inaction taken by Defendant because of a "'dishonest purpose or moral obliquity.'" *Id*. (quoting *Van Dorstsen*, 554 F. Supp. 2d at 287).

Plaintiff has failed to make any additional allegations or provide the Court with any basis to infer that Defendant acted with bad faith. *See Miller Auto. Corp. v. Jaguar Land Rover N. Am., LLC*, 812 F. Supp. 2d 133, 137 (D. Conn. 2011) (dismissing a plaintiff's attempt to re-plead a similar claim because plaintiff failed to "plead any additional facts from which bad faith can be inferred"),

*aff'd* 471 F. App'x 37 (2d Cir. 2012).[4] To the extent that Plaintiff has added more detail to the allegations and asserted more specific inaction or action by Defendant, such actions, or inactions, are similar to what Plaintiff alleged previously and only amount to allegations of negligence. Thus, the Court must, again, dismiss Plaintiff's claim. *See id.* ("To survive a motion to dismiss, [plaintiff] had to do more than add the words bad faith to the complaint." (quoting *Stern v. Gen. Elec. Co.*, 924 F.2d 472, 478 n.8 (2d Cir. 1991) (internal quotation marks omitted)).

To be sure Plaintiff's allegations in this Second Amended Complaint are more directly related to this specific claim and focus on Defendant's actions, or inactions, with regard to Morris. The Court appreciates Plaintiff's efforts and attempts to comply with its prior Ruling. But these adjustments are not enough to adequately plead the claim. To the extent Plaintiff is now emphasizing Defendant's alleged misrepresentations, such conduct allegedly occurred prior to, or during, the formation of the contract and cannot form the basis of any breach of the duty of good faith and fair dealing claim. *See Macomber v. Travelers Prop. & Cas. Corp.*, 261 Conn. 620, 638 (2002) ("As our case law makes clear, no claim for breach of the duty of good faith and fair dealing will lie for conduct occurring prior to, or during, the formation of a contract."). It is well established that "the existence of a contract between the parties is a necessary antecedent to any claim of breach of the duty of good faith and fair dealing," and thus, allegations that misrepresentations induced a plaintiff into a contract cannot form the basis of such claim. *Id.* at 638-39 (citation and internal quotation marks omitted). In addition, although Plaintiff again alleges Defendant failed to take any

---

[4] Indeed, Plaintiff appears to recognize that all he has alleged is negligence, stating at the conclusion of his section on this breach of the implied covenant of good faith and fair dealing claim that "[a]s a result of *Defendant's negligence* and failure to collect from Morris" he has suffered monetary damages. Doc. 38 at 5 ¶ 3 (emphasis added).

number of actions, he never alleges that Defendant did so for any "dishonest purpose or moral obliquity" and the Court is unable to discern what that motive or purpose there could have been given the record. *See Van Dorstsen*, 554 F. Supp. 2d at 287) (citation and internal quotation marks omitted).[5]

Because this is Plaintiff's second opportunity to plead a breach of the implied covenant of good faith and fair dealing and it is apparent to the Court that Plaintiff cannot adequately plead such a claim, the Court will dismiss this claim with prejudice. *See Thompson v. Carter*, 284 F. 3d 411, 416 (2d Cir. 2002) (stating that a district court should not dismiss a *pro se* complaint without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated). Even under a liberal reading of the Second Amended Complaint, it does not appear that Plaintiff could state any valid claim.[6]

## IV.  Conclusion

For the foregoing reasons, Defendant's [Doc. 41] Motion to Dismiss Plaintiff's Second Amended Complaint is GRANTED and Plaintiff's claim is DISMISSED WITH PREJUDICE. As a result, there are no pending claims in this action and the Clerk is directed to close this case.

---

[5] For the first time in his opposition to the motion to dismiss, Plaintiff asserts that Defendant's motive for making the misrepresentations was to obtain large legal fees. However, even if Plaintiff were to have properly pled this fact in his Second Amended Complaint and assuming such a motive also relates to conduct after the contract had been executed, Plaintiff fails to reconcile this allegation with the fact that pursuant to the Agreement, Defendant would only be paid a contingency fee based on the amount recovered by Defendant, a point which Plaintiff previously made in his own pleadings. *See Cohen*, 2016 WL 7340280, at *9 n.17.

[6] Having concluded the Plaintiff has not adequately pled a claim for the breach of the implied covenant of good faith and fair dealing, the Court need not address Defendant's argument that such a claim is barred by the statute of limitations because it more properly sounds in negligence.

**It is SO ORDERED.**

**Dated: New Haven, Connecticut**
      **August 14, 2017**


      */s/Charles S. Haight, Jr.*
      **CHARLES S. HAIGHT, JR.**
      **SENIOR UNITED STATES DISTRICT JUDGE**